UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-93-HAB-SLC |
| ALLEN COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

## OPINION AND ORDER

Sy-Bron L. Pinkston, a prisoner without a lawyer, filed a lengthy and confusing complaint that contains seemingly unrelated claims. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pinkston indicates he is suing 24 defendants, but he lists only 23 defendants. Pinkston alleges that various constitutional rights were violated on numerous occasions from March 15, 2021, through February 25, 2023. He alleges that he was: (1) falsely charged by Officer Kite with having batteries from a tablet on March 15, 2021; (2)

subjected to excessive force by Officers Andrew Bachl and Malichi Wills on March 15, 2021; (3) assessed restitution for the tablet batteries without a hearing and subjected to other due process violations related to Penny Lake's handling of disciplinary charges stemming from the March 15, 2021 incidents; (4) unhappy with how Chad Ray, Penny Lake, Scott Sanderson, Adam Butler, and Mark Sickafoose handled grievances he filed while he was in segregation following the March 15, 2021 incidents; (5) placed on lockdown by Dalaney Lechner in June 2022; (6) restricted from using the tablet and phone for thirty days by John Wiese on November 18, 2022; (7) denied photographs by John Wiese on an unspecified date; (8) charged with a disciplinary violation following an investigation involving Cpt. Jeffrey Kroemer, Brock Nunley, Zachar Flipiak, and Bryce England for a September 21, 2022 incident where Pinkston alleges he was the victim of an attack by another inmate; (9) disciplined by Penny Lake and John Weiss without due process at a October 3, 2022 hearing on the disciplinary charge stemming from the September 21, 2022 incident;  (10) denied assistance in obtaining legal materials on September 20, 2022 by Krystal Pfiester; (11) deprived of property taken by Officer Lehmeyer on August 28, 2022; (12) unhappy with how legal mail was handled by Sgt. David Butler on August 28, 2022 and how Chelsea Richwine handled his complaint about the incident; (13) unhappy with how Andrew Clark handled legal mail and how Har Paw responded to Pinkston's complaint about Clark's handling of legal mail; (14) denied necessary dental care by Nurse Jordan since June 19, 2022; and (15) and subjected to allegedly unconstitutional lockdowns on a daily basis by various jail staff including Lt. Scott Sanderson.

Pinkston may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Pinkston because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Pinkston is unable to select related claims on which to proceed in this case, one of these options may become necessary. Pinkston needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552

3

F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Pinkston will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured.

Pinkston asks for a temporary restraining order in his complaint, but he does not identify any specific relief. Until Pinkston files an amended complaint with only related claims and the court has screened that amended complaint, preliminary injunctive relief cannot be granted.

For these reasons, the court:

(1) DENIES the request for a temporary restraining order contained in Pinkston's complaint (ECF 1);

(2) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Sy-Bron L. Pinkston along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;[1]

(3) GRANTS Sy-Bron L. Pinkston until **June 5, 2023**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(4) CAUTIONS Sy-Bron L. Pinkston that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on May 3, 2023.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT

---

[1] Should Sy-Bron L. Pinkston require additional forms, he may request them from the clerk.