UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SY-BRON L. PINKSTON,

   Plaintiff,

    v.         CAUSE NO. 1:23-CV-93-HAB-SLC

ALLEN COUNTY SHERIFF
DEPARTMENT, et al.,

   Defendants.

<u>OPINION AND ORDER</u>

  Sy-Bron L. Pinkston, a prisoner without a lawyer, filed a complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  Pinkston alleges that, on March 15, 2021, he was one of eight people housed in a six-person cell. He was assigned to sleep on a mat on the floor. The cell was searched by Officer Kite, and he found a bag containing batteries from jail-issued tablets on one of the beds. Inmates assigned to sleep on the floor had their personal items on other inmates' beds, and Pinkston's personal items were on the bed where the batteries were

found, although they were on the opposite end. Pinkston was told that he would be placed in segregation and charged with a disciplinary offense.

Willis and Bachl escorted Pinkston to his new cell. Pinkston stepped inside and thought the officers would remove the handcuffs through the hole in the door, as is customary. Instead, Willis and Bachl stepped inside the cell. They slammed Pinkston against the wall and then to the ground while yelling "stop resisting." Pinkston's legs were crossed over his buttocks while Willis placed his body weight on them. Pinkston remained in handcuffs throughout the attack and contends that he was not resisting.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Giving Pinkston the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible Eighth Amendment claim against Willis and Bachl.

Pinkston received medical attention for his injuries, although he contends that several defendants were rushing the nurse, who then left and returned during the next shift to finish treating Pinkston. While this was understandably frustrating, these allegations do not rise to the level of a constitutional violation.

Pinkston was charged restitution for the batteries by Sheriff David Gladieux. Sheriff Gladieux, however, is not a defendant in this action.

Pinkston wanted to have jail officers as witnesses during his disciplinary hearing to prove he was assigned to sleep on the floor. Penny Lake would not permit him to have confinement officers as witnesses. He wanted the disciplinary hearing board to check his tablet history so they could see that he was constantly using it. Pinkston was not informed about the witnesses' statements of what the board found when they investigated Pinkston's tablet history. Pinkston was sanctioned with 40 days in segregation.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest[1] through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass*

---

[1] The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. The court notes that Pinkston's sanction did not extend the duration of confinement or impose "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, inmates have a protected property interest in the funds of their personal accounts. *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Thus, the court presumes for purposes of this order that Pinkston was entitled due process.

*Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986).

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Here Pinkston wanted to call correctional officers to buttress his own statement that he was assigned to sleep on the floor. The evidence was thus cumulative, and it was not unreasonable to decline his request for statements from other sources establishing the same information. While Pinkston desired that the history of usage of his tablet be examined to establish that he used his tablet frequently or that it had batteries in it, this was not required by due process. Due process only requires production of "exculpatory" evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Evidence that Pinkston frequently used his tablet or that his tablet had batteries in it was not inconsistent with a finding that he is guilty of possessing tablet batteries that were not installed in a tablet, and therefore denying Pinkston this evidence did not violate due process.

Pinkston filed grievances against Chat Ray, Penny Lake, Jeffrey Kroemer, Scott Sanderson, Adam Butler, and Mark Sickafoose. He is suing them because, in response to his grievances, they did not reverse his 40-day sanction in segregation, permit him to enjoy certain privileges he enjoyed prior to the disciplinary charges, or take disciplinary action against Bachl and Willis. Pinkston, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he will not be permitted to proceed on these claims.

Pinkston has also sued the Allen County Sheriff's Department. It is possible to sue a municipal entity such as a Sheriff's Department based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The complaint alleges that Bachl and Willis treated him similarly to how he was treated by other correctional staff in 2010 and 2017. However, the complaint does not allege facts that permit an inference that Allen County Sheriff's Department had a policy of using excessive force against inmates. Therefore, the amended complaint does not state a claim against the Allen County Sheriff's Department.

Finally, Pinkston requests a "temporary restraining order between [himself] and defendants." ECF 5 at 9. Pinkston suggests that there is an ongoing pattern of abuse, but the amended complaint does not allege facts that support this. The mere possibility of future harm is far too speculative to warrant a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an

extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

For these reasons, the court:

(1) GRANTS Sy-Bron L. Pinkston leave to proceed against Andrew Bachl and Malachi Willis in their individual capacities for compensatory and punitive damages for using excessive force against him on March 15, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Allen County Sheriff Department, Officer Kite, Penny Lake, Scott Sanderson, Chad Ray, Adam Butler, Mark Sickafoose, and Jeffrey Kroemer;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Andrew Bachl and Malachi Willis at Allen County Sheriff's Department, with a copy of this order and the complaint (ECF 5);

(5) ORDERS Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Andrew Bachl and Malachi Willis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 17, 2023.

s/ *Holly A. Brady*

JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT